## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE: VACANT PROPERTY**<br>**1184 Plains Road, Litchfield, ME 04350** |
| **Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer** | **Mortgage:**<br>**December 13, 2013**<br>**Book 11654, Page 198** |
| **Defendant** | |

NOW COMES the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by

Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, in which the Defendant, Walford Dyer, is the obligor and the total amount owed under the terms of the Note is Two Hundred Twenty-Six Thousand Two Hundred Fifteen and 56/100 ($226,215.56) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust is a Federal Savings Bank with its principal place of business located at c/o Pretium Mortgage Credit Management, 120 South Sixth Street, #2100, Minneapolis, MN 55402.

5. The Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, is a resident of Westbrook, County of Cumberland and State of Maine.

## FACTS

6. On March 18, 2003, by virtue of a Warranty Deed from Paul McIntyre duly appointed and acting as Personal Representative of the Estate of Keziah G. McIntyre, which is recorded in the Kennebec Registry of Deeds in **Book 7316, Page 001**, the property situated at 1184 Plains Road, City/Town of Litchfield, County of Kennebec, and State of Maine, was conveyed to Walford Dyer, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On December 13, 2013, Walford Dyer, executed and delivered to Nationstar Mortgage LLC DBA Greenlight Loans LLC a certain Note under seal in the amount of $176,300.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on December 13, 2013, Walford Dyer executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Nationstar Mortgage LLC, d/b/a Greenlight Loans LLC, securing the property located at 1184 Plains Road, Litchfield, ME 04350 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 11654**, **Page 198**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. Upon information and belief, Walford Dyer died on June 18, 2015.

10. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated June 16, 2016 and recorded in the Kennebec Registry of Deeds in **Book 12333**, **Page 231**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was further assigned to Nationstar Mortgage LLC by virtue of a Quitclaim Assignment dated June 18, 2016 and recorded in the Kennebec Registry of Deeds in **Book 12333**, **Page 232**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Pretium Mortgage Credit Partners I Loan Acquisition, LP by virtue of an Assignment of Mortgage dated June 26, 2017 and recorded in the Kennebec Registry of Deeds in **Book 12651**, **Page 37**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by virtue of an Assignment of Mortgage dated July 14, 2017 and recorded in the Kennebec Registry of Deeds in **Book 12677**, **Page 184**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Pretium Mortgage Credit Partners I Loan Acquisition, LP by virtue of an Assignment of Mortgage dated August 26, 2019 and recorded in the Kennebec Registry of Deeds in **Book 13367**, **Page 163**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust by virtue of an Assignment of Mortgage dated September 23, 2019 and recorded in the Kennebec Registry of Deeds in **Book 13367**, **Page 164**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. On March 3, 2021, the Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, was sent a Notice of Mortgagor's Right to Cure, as evidenced by

the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit J.

18. The Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, failed to cure the default prior to the expiration of the Demand Letter.  Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

19. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. The total debt owed under the Note and Mortgage as of April 20, 2021 is Two Hundred
Twenty-Six Thousand Two Hundred Fifteen and 56/100 ($226,215.56) Dollars, which
includes:

| Description | Amount |
|---|---|
| Principal Balance | $163,907.86 |
| Interest | $32,908.92 |
| Escrow/Impound Required | $0.14 |
| Escrow Advance | $24,517.98 |
| Corporate Advance Balance | $4,880.66 |
| Grand Total | $226,215.56 |

23. Upon information and belief, the Defendant, Benjamin P. Campo, Esq., Special
Administrator of the Estate of Walford Dyer, is presently not in possession of the subject
property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not
individually but as trustee for Pretium Mortgage Acquisition Trust, repeats and re-alleges
paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title
located at 1184 Plains Road, Litchfield, County of Kennebec, and State of Maine. *See*
Exhibit A.

26. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not
individually but as trustee for Pretium Mortgage Acquisition Trust, is the holder of the Note
referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable)
and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et
seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

As such, Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, has the right to foreclosure and sale upon the subject property.

27. The Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, is presently in default on said Mortgage and Note, having failed to make the monthly payment due July 1, 2015, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.  Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property.

29. The total debt owed under the Note and Mortgage as of April 20, 2021 is Two Hundred Twenty-Six Thousand Two Hundred Fifteen and 56/100 ($226,215.56) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $163,907.86 |
| Interest | $32,908.92 |
| Escrow/Impound Required | $0.14 |
| Escrow Advance | $24,517.98 |
| Corporate Advance Balance | $4,880.66 |
| Grand Total | $226,215.56 |

30. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, on March 3, 2021, evidenced by the Certificate of Mailing. *See* Exhibit J.

33. The Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, is not in the Military as evidenced by the attached Exhibit K.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property, in in breach of the Note by failing to make payment due as of July 1, 2015, and all subsequent payments;

d) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

e) Find that while the Defendant, Benjamin P. Campo, Esq., Special Administrator of the Estate of Walford Dyer, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 1184 Plains Road, Litchfield, ME; and

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust,
By its attorneys,

Dated: May 6, 2021

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com